UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FUND FOR ANIMALS, et al ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Civ. No. 03-0677(RMU) |
| STEVEN WILLIAMS, et al. ) | |
| ) | |
| ) | |
| Defendants ) | |

## SAFARI CLUB INTERNATIONAL AND SAFARI CLUB INTERNATIONAL FOUNDATION'S REPLY TO PLAINTIFFS' COMBINED RESPONSE TO MOTIONS TO INTERVENE

Introduction

The Fund for Animals, together with a group of 20 individuals ("Fund") have filed suit against the U.S. Fish and Wildlife Service ("FWS") challenging that, in issuing six final agency rules to establish or expand sport hunting opportunities on 39 National Wildlife Refuges, the FWS violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. Section 4321 et seq., and the Council on Environmental Quality ("CEQ") regulations. Safari Club International and Safari Club International Foundation ("SCI") have filed a Motion to Intervene to participate as Defendant-Intervenors in this action. The Fund has responded, objecting to SCI's intervention as of right, but consenting to SCI's permissive intervention on the condition that SCI collaborate with Defendant-Intervenor applicants United States Sportsmens Alliance Foundation ("USSAF") to participate jointly as a single Defendant Intervenor. SCI agrees to this proposal.

Argument

Although SCI agrees to collaborate with USSAF in its intervention in this case, thus erasing the Fund's opposition to the proposed intervention, SCI nonetheless believes that a brief reply to some of the Fund's allegations is appropriate at this time. Above all else, SCI believes that the nature of this litigation should be clarified. In its Response to SCI's Motion to Intervene, the Fund has professed that this litigation is purely a matter of statutory and regulatory procedural requirements. This is not true. Regardless of the manner in which the Fund has chosen to classify this case, and regardless of the statute or regulation that the Fund has chosen to challenge the FWS' rules, this is far more than a case about procedural requirements. This is a case intended to end and/or to severely curtail hunting on the National Wildlife Refuges. If this were not the case, then why else would the Fund, in its March 13, 2003 Press Release announcing this litigation, include the following statement from its President, Michael Markarian?

> "Recreational hunting is not consistent with the purpose of wildlife refuges, yet it is being initiated or expanded at an accelerating pace—at three refuges in 1998, five in 1999, eight in 2000, eleven in 2001, and fifteen in 2002. This alarming tide of turning our refuges into killing fields must not be left unchecked."[1]

Moreover, if this is simply a case about a purported lapse in procedure, then why does the Complaint challenge only recreational hunting? Why, in this litigation, does the Fund fail to question other potentially incompatible refuge uses such as boating, mining, picnicking etc? The answer to these questions is simple. The Fund does not aim to rectify procedural requirements. It aims to end recreational hunting. The issues raised in SCI's Motion to Intervene are by no means "collateral factual and political issues" as

---

[1] http://www.fund.org/library/documentViewer.asp?ID=918&table=documents

they are described by the Fund in its Response to SCI's Motion to Intervene[2] and are instead very much the focus of the Fund's litigation efforts.

This is simply a case that challenges recreational hunting, and is one against which hunters and hunting organizations should have the *right* to defend. Safari Club International and Safari Club International Foundation ("SCI") move to intervene to assert that right. Contrary to the representations of the Fund, SCI has satisfied the criteria required for intervention. SCI has also established the necessary requirements for Article III standing. SCI attaches to this reply the affidavits of two of its members, both of whom state that they and members of their families have hunted on National Wildlife Refuges that are the subject of Plaintiffs' Complaint and intend to continue to do so. They also assert that they will lose opportunities that they value if Plaintiffs are successful in this litigation.[3] With the introduction of these affidavits, it is now the Plaintiffs and not the intervenors whose jurisdictional allegations are supported with nothing more than "conclusory allegations of injury." (Fund for Animals' Response p.5)

Moreover, SCI has satisfactorily supported its contention that the FWS cannot adequately represent its interests, in that the agency is required to represent the interests of all users of the refuges, including those who potentially oppose recreational hunting. The D.C. Court of Appeals, in a case in which the Fund for Animals and SCI are both parties, recently clarified the standard for determining adequacy of representation. In addition to describing the standard as "minimal" and "not onerous" the Court of Appeals acknowledged that a government agency charged with protecting the public interest will

---

[2] Plaintiffs' Combined Response to the Motions to Intervene, p. 6, n.2.
[3] The affidavits of Safari Club International members, Mark C. Cook and Mike Ohlmann are attached to this Reply as Exhibits "A" and "B."

3

not necessarily provide adequate protection for groups whose interests are more "narrow" and "parochial" than those shared by the general public. Fund for Animals v. Norton, 2003 WL 1203360.

WHEREFORE, SCI AND SCIF respectfully consent to a combined intervention with USSAF and request that they be granted leave to intervene as of right or alternatively by permission together with USSAF in order to participate as joint in this action.

/s/ Anna M. Seidman
Anna M. Seidman
Attorney for Safari Club International
And Safari Club International Foundation
D.C. Bar No. 417091
2087 Kedge Drive
Vienna, Virginia 22181
Telephone and Fax No: 703-255-2590

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FUND FOR ANIMALS, et al )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STEVEN WILLIAMS, et al. )<br>)<br>)<br>Defendants )  | No. 1:03-cv-00677 (RMU) |

COMES NOW, Mark C. Cook, having first been duly sworn to state that:

1. I am a resident of Kennewick, Washington and am a member of the Columbia Basin Chapter of Safari Club International in Washington State.

2. I am a hunter and have hunted ducks, geese and pheasants in the McNary National Wildlife Refuge.

3. I last hunted in the McNary National Wildlife Refuge during the hunting season in 2002 and expect to hunt there again during the upcoming hunting season in 2003.

4. On occasion, I have taken my children hunting with me in the McNary National Wildlife Refuge.

5. If hunting is prohibited, postponed, terminated or curtailed in the McNary National Wildlife Refuge by the lawsuit filed by Fund for Animals and others, I will lose an opportunity to hunt that I value greatly.

6. Hunting in the McNary National Wildlife Refuge has great value for me because the Refuge is one of the few public hunting areas in my vicinity that provides reasonable duck hunting opportunities.

7. If hunting is prohibited, postponed, terminated or curtailed in the McNary National Wildlife Refuge, it is likely that I would not find similar hunting opportunities reasonably accessible to me elsewhere.

8. Other members of the Columbia Basin Chapter of Safari Club International in Washington State also take advantage of hunting opportunities in the McNary National Wildlife Refuge. In addition, the Chapter has conducted youth hunts in

the McNary Wildlife Refuge during special youth hunting opportunity weekends established by the State of Washington.

9. In September of 2002, the Columbia Basin Chapter of Safari Club International in Washington State conducted a special service project in the McNary Wildlife Refuge in which chapter members provided the materials and physically performed the labor to clean, repair and make accessible special duck blinds in the Refuge for disabled hunters and bird viewers.

10. In order to hunt, I annually purchase duck stamps and in so doing I contribute to the funds that go towards the purchase of National Wildlife Refuge lands.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 7th day of April 2003 at Pasco, Washington

By: _____

Mark C. Cook

SUBSCRIBED AND SWORN TO this 7th day of April 2003 at Pasco, Washington.

_____
Notary Public in and for Washington
My Commission Expires May 9, 2006

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE FUND FOR ANIMALS, et al  )
                             )
           Plaintiffs,        )
                             )
    v.                        )
                             )   No.  1:03-cv-00677 (RMU)
STEVEN WILLIAMS, et al.       )
                             )
                             )
           Defendants         )

COMES NOW, Mike Ohlmann, having first been duly sworn to state that:

1. I am a resident of Louisville, Kentucky and am a member of the Ohio Valley Chapter of Safari Club International.

2. I am an avid hunter and have hunted deer and turkey in the Clarks Woods National Wildlife Refuge.

3. I last hunted in the Clarks Woods National Wildlife Refuge during the spring and fall seasons of 2002 and expect to hunt there again during the upcoming hunting seasons in 2003.

4. I have also hunted grouse, woodcock, turkey and small game in the Big Oaks National Wildlife Refuge in the past and intend to do so again this year.

5. I have taken two of my children on hunting expeditions in one or both of these refuges. My third child has accompanied me on scouting trips in the Clarks Woods National Wildlife Refuge.

6. Hunting in these refuges is particularly valuable to me because these refuges provide free access to hunting opportunities on public land that is hard to come by in the United States.

7. In order to hunt, I am an annual purchaser of duck stamps, and thereby contribute to the funds used to purchase the lands that make up many of the National Wildlife Refuges.

8. Both my daughter and son have purchased duck stamps in the past.

9. If opportunities to hunt in the Clark Woods and the Big Oaks National Wildlife Refuges are taken away or reduced, I will lose hunting opportunities that I greatly value.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this _____ day of April 2003 at _____ Kentucky

By: _____
Mike Ohlmann

_Louisville_   SUBSCRIBED AND SWORN TO this 4th day of April 2003 at _____, Kentucky.

_____
Notary Public in and for Kentucky   Notary Public, State at Large, KY
My Commission Expires _____   My commission expires Dec. 13, 2003

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE FUND FOR ANIMALS, et al )<br>)<br>         Plaintiffs, )<br>v. )<br>)<br>STEVEN WILLIAMS, et al. )<br>)<br>         Defendants )  | Civ. No. 03-0677(RMU) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Safari Club International and the Safari Club International Foundation's Reply to Plaintiffs' Combined Response to Motions to Intervene are being served, via U.S. Mail on this 7th day of April, 2003 on:

Jonathan Lovvorn
Meyer & Glitzenstein
1601 Connecticut Avenue, NW
Washington, DC 20009

US Dept. of Justice
Environmental Division
P.O. Box 7369
Washington, DC 20044

Date: _____

_____
Sezaneh Seymour
Safari Club International
501 2nd St NE
Washington, DC 20002