**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE FUND FOR ANIMALS *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DALE HALL *et al.*, | : | |
| | : | Civil Action No.:  03-0677 (RMU) |
| Defendants, | : | |
| | : | Document No.:    82 |
| and | : | |
| | : | |
| THE U.S. SPORTSMEN'S ALLIANCE | : | |
| FOUNDATION *et al.*, | : | |
| | : | |
| Defendant- | : | |
| Intervenors. | : | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING THE PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT**

**I.  INTRODUCTION**

The action is before the court on the plaintiffs' motion to supplement their complaint, adding three claims and seven plaintiffs.  The Fish and Wildlife Service and the defendant-intervenors (collectively "the defendants") oppose the plaintiffs' proposed supplement due to the delay it will impose on the proceedings.  Because the judicial interest in addressing all the legally similar claims together outweighs any prejudice the defendants may suffer, the court grants the plaintiffs' motion to supplement.

**II.  FACTUAL & PROCEDURAL BACKGROUND**

A detailed factual background has been recited in previous iterations of this case, and the following is a summary of only the most recent proceedings.  On August 31, 2006, the court

issued a memorandum opinion granting the plaintiffs' motion for summary judgment.  Mem. Op. (Aug. 31, 2006).  Specifically, the court determined that the Fish and Wildlife Service did not analyze the cumulative impacts of six agency rules.  *Id.* at 8-14.  In light of the court's determination, the defendants committed to completing "new environment analysis . . . by May 30, 2007."  Defs.' Supplemental Brief (Oct. 5, 2006) at 4.  After the defendants completed the analysis and while the production of the administrative record containing this new analysis was pending, the plaintiffs filed a motion requesting that the court permit the plaintiffs to challenge three additional rules and add seven plaintiffs.  The defendants oppose the plaintiffs' request, and the court now turns to this pending motion.

### III.  ANALYSIS

#### A.  Legal Standard to Supplement a Pleading Pursuant to Rule 15(d)

Rule 15(d) authorizes the court, "upon reasonable notice and upon such terms as are just," to permit a party to serve a supplemental pleading setting forth events which have happened since the date of the original complaint.  FED. R. CIV. P. 15(d).  The "basic aim of the rules [is] to make pleadings a means to achieve an orderly and fair administration of justice." *Gomez v. Wilson*, 477 F.2d 411, 417 (D.C. Cir. 1973) (quoting *Griffin v. County School Bd.*, 377 U.S. 218, 227 (1964)).  Supplements under Rule 15(d) always require leave of the court, and the court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience.  *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *Miller v. Air Line Pilots Ass'n Int'l*, 2000 WL 362042, at *1 (D.D.C. Mar. 30, 2000).  Although "the circumstances under which supplements may relate back have not been codified,"

courts often apply the relation-back principles of 15(c) to supplemental pleadings.  *Hicks*, 283 F.3d at 385.

### B.  The Court Grants the Plaintiffs' Motion for Leave to Supplement the Complaint

By bringing on board seven plaintiffs and three claims to their ongoing odyssey of litigation, the plaintiffs contend that the supplemental claims will aid in the speedy and efficient resolution of the controversy.  Pls.' Mot. at 5.  This will be done, the plaintiffs assert, because the added claims are not materially different from those already before the court, and addressing all of the claims together saves judicial resources from being diverted to a second lawsuit.  *Id.* at 5-6.  In addition, the plaintiffs note that the request is not unduly delayed because the defendants have not yet produced the administrative record nor filed renewed motions for summary judgment.  *Id.* at 7.  Finally, the plaintiffs assert that the defendants will not suffer undue prejudice because they would still have to produce the administrative record if the plaintiffs were to challenge the three additional rules in a separate lawsuit.  *Id.* at 3.  Moreover, the effects of delaying the final resolution of the claims by supplementing the complaint do not amount to actual prejudice,[1] *id.* at 7.

The defendants insist that adding three additional claims will delay production of the administrative record by at least 8 months and, even if the claims are added, further litigation will be necessary because the new plaintiffs lack standing to bring the supplemental claims.  Defs.' Opp'n at 3, 6; Def.-Intervenors' Opp'n at 3-6.  They further allege that the plaintiffs will not be prejudiced by excluding the supplemental claims because "the current complaint will have direct legal bearing on the three additional rules."  Defs.' Opp'n at 7; Def.-Intervenors' Opp'n at 7 (alleging that "plaintiffs' proposed supplemental challenges . . . may be mooted by the

---

[1]      Specifically, the plaintiffs note that delay in producing an administrative record to account for the newly proposed claims, Pls.' Reply at 3, and delay due to possible standing issues are both within the defendants' control, *id.* at 6-7.

resolution of the original action"). The defendants contend that they, on the other hand, will suffer prejudice by adding the additional claims, resulting in "another protracted period of litigation," Defs.' Opp'n at 5, that "hampers [their] ability to plan and manage the refuge system, and in particular, all types of recreational activities that might be authorized on any refuge," *id.* at 7-8.

As an initial matter, the court should not deny supplementing a complaint based solely on the time elapsed between the filing of the complaint and the request for leave to supplement. *See Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). Although four years has passed since the plaintiffs filed their original complaint, the defendants have not yet filed the administrative record for the parties' anticipated renewed filing of summary judgment motions. Thus, the current stage of the proceedings does not weigh against granting the plaintiffs' motion.

"Delay and prejudice[, however,] are precisely the matters to be addressed in considering whether to grant motions for supplemental pleadings." *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A FED. PRAC. & PROC. § 1504); *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 249 (D.D.C. 2004) (noting that "delay without the requisite prejudice is ordinarily insufficient to justify denial of leave to amend"). The defendants have not demonstrated that they would be prejudiced by the plaintiffs' supplemental complaint. In fact, the defendants concede that the claims are closely related to the claims already before the court, Defs.' Opp'n at 7; Def.-Intervenors' Opp'n at 7; *see Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 66 (D.D.C. 2003) (stating that "the court should freely grant a party's request to file a supplemental pleading 'when the supplemental facts connect it to the pleading'"), and they sidestep addressing the judicial interest in hearing all similarly situated claims together, 6A FED. PRAC. & PROC. § 1506. The interests of judicial economy and

convenience would be served where, as here, the plaintiffs' motion to supplement their complaint raises similar legal issues to those already before the court, thereby averting a separate, redundant lawsuit. *Hall*, 437 F.3d at 101 (indicating that motions to supplement should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties" (quoting 6A FED. PRAC. & PROC. § 1504)).

The defendants balk that further delay would "hamper[]" their ability to "manage the refuge system." Defs.' Opp'n at 7-8. The court, however, does not view this delay as undue or prejudicial because the defendants have not articulated what, if anything, would be hampered. Rather, the defendants focus on the extent and reasons for the delay,[2] while glossing over any prejudice such delay would bring about. Indeed, the defendants state in broad, nondescript terms that the delay "will significantly impede the administration of the System." *Id.* at 8. Such an abstract bureaucratic burden falls short of the actual prejudice the court seeks to prevent. *See Dove*, 221 F.R.D. at 248 (recognizing that "[u]ndue prejudice is not mere harm to the non-movant but a denial 'of the opportunity to present facts or evidence which [] would have [been] offered had the amendment[] been timely'" (quoting *Foremost-McKessen, Inc. v. Islamic Republic of Iran*, 1998 WL 122568, at *4 (D.D.C. Nov. 8, 1988) (alterations in original))); *Aftergood v. CIA*, 225 F. Supp. 27, 31 (D.D.C. 2002) (granting the plaintiff's motion to supplement his complaint in part because the request is "substantially identical" and would, therefore, "not surprise or prejudice the defendant"). Accordingly, the court grants the plaintiffs' motion to supplement the complaint.

---

[2]     The defendants propose that expanding the administrative record to include the supplemental claims would take 8 months and further delay would be necessary to finalize the record and to challenge the standing of the new plaintiffs. Defs.' Opp'n at 3-6; Def.-Intervenors' Opp'n at 3-6. At least as to the delay due to finalizing the administrative record, the court's earlier decision regarding the scope of the record should guide the parties and curtail significant delay. Mem. Op. (Sept. 25, 2005).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiffs' motion to supplement the complaint.  An order consistent with this Memorandum Opinion is separately and contemporaneously filed this 6th day of November, 2007.

RICARDO M. URBINA
United States District Judge